MEMORANDUM *
Western Watersheds appeals from the district court’s grant of summary judgment to the United States Fish and Wildlife Service (the “Service”). The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.
The Service did not violate its own DPS Policy by requiring Western Watersheds to prove that the interior mountain quail are completely geographically isolated from other mountain quail populations. The 90-day finding reveals that the Service considered physical isolation as only one factor among several. See 90-day Finding for a Petition To List the Mountain Quail as Threatened or Endangered, 68 Fed.Reg. 3,000, 3,004 (Jan. 22, 2003) (referring to “complicating information about past translocations of mountain quail,” and lack of evidence of “genetic, morphological, ecological, or behavioral differences” amongst quail populations.). Moreover, the Service expressly articulated the correct legal standard, which is *608 “marked[] separation” rather than “complete geographic isolation.” See 68 Fed. Reg. at 3,003.
The other listing determinations cited by Western Watersheds are distinguishable on their facts. The Yellowstone bison “is the only herd in the United States that has remained in a wild state since prehistoric times.” 90-day Finding on a Petition To List the Yellowstone National Park Bison Herd as Endangered, 72 Fed.Reg. 45,717, 45,718 (Aug. 15, 2007). The Lower Koote-nai River Burbot differ genetically from other burbot populations, unlike the population of mountain quail that Western Watersheds seeks to list here. 12-Month Finding for a Petition To List the Lower Kootenai River Burbot (lLota lota) as Threatened or Endangered, 68 Fed.Reg. 11,574, 11,577 (Mar. 11, 2003). The Northern Rockies gray wolf determination rested on a finding of virtually no intermixing, whereas here the Service found that the quail are able to intermix. Final Rule Designating the Northern Rocky Mountain Population of Gray Wolf as a Distinct Population Segment and Removing This Distinct Population Segment From the Federal List of Endangered and Threatened Wildlife, 73 Fed.Reg. 10,514, 10,519 (Feb. 27, 2008). In addition, substantial evidence supports the Service’s finding that the interior mountain quail are not markedly geographically separated from other quail populations.
Nor did the Service violate the “best available science” requirement by disregarding evidence of ecological differences between quail populations. Although the agency’s reasoning is not a model of clarity, its path may be “reasonably discerned.” Motor Vehicle Mfrs. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). Moreover, in light of the agency’s discussion of the ecological evidence, see 68 Fed.Reg. at 3,001-03, this is plainly not a case in which the agency “entirely failed to consider an important aspect of the problem,” Motor Vehicle Mfrs., 463 U.S. at 43, 103 S.Ct. 2856. In addition, substantial evidence in the record supports the Service’s conclusion that “evidence is insufficient to demonstrate that ... ecological ... differences exist among ... mountain quail populations.” 90-day Finding for a Petition To List the Mountain Quail as Threatened or Endangered, 68 Fed.Reg. 3,000, 3,004 (Jan. 22, 2003). At the very least, we cannot say that the Service’s decision was “arbitrary and capricious,” which is our standard of review in a case such as this. Sierra Club v. Marsh, 816 F.2d 1376, 1384 (9th Cir.1987).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.